# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 16, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139872

LEAH ROSE FOSTER,
        Plaintiff-Appellee,

v

DAVID KENNETH WOLKOWITZ,
        Defendant-Appellant.

SC: 139872
COA: 291825
Monroe Circuit Court Family
Division: 08-002771-DP

_____/

On order of the Court, the application for leave to appeal the September 15, 2009 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether the Court of Appeals erred in relying on the Michigan Acknowledgment of Parentage Act (MAPA), MCL 722.1001 *et seq.*, rather than the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*, to determine that Michigan should exercise subject-matter jurisdiction in this interstate child custody dispute; (2) if the Court of Appeals correctly relied on the MAPA to establish subject-matter jurisdiction in Michigan, whether the statute violates the Equal Protection Clauses of the state and federal constitutions by creating a suspect classification of unmarried fathers who are treated differently than married fathers; and (3) if jurisdiction properly lies in Illinois, as the child's "home state" under the UCCJEA, MCL 722.1102(g), MCL 722.1201(1), whether Michigan is the more convenient forum for resolution of this matter. See MCL 722.1202(2); MCL 722.1207.

The Clerk of the Court is directed to place this case on the March 2010 session calendar for argument and submission. Appellant's brief and appendix must be filed no later than January 29, 2010, and appellee's brief and appendix, if appellee chooses to submit an appendix, must be filed no later than February 19, 2010.

The State Bar Family Law Section is invited to file a brief amicus curiae, to be filed no later than March 3, 2010. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae, to be filed no later than March 3, 2010.

CORRIGAN, J. (*concurring*).

I concur in the order granting leave. I write separately to ask the parties to comment on an additional element of this case for the benefit of the Court. The parties executed an affidavit of parentage (AOP) under the Michigan Acknowledgment of Parentage Act (MAPA), MCL 722.1003. Under MCL 722.1004, an AOP "may be the basis for court ordered child support," among other things. Accordingly, I note that the matter of child support here was referred to the Monroe County Friend of the Court. Yet defendant apparently refused to provide forms and financial documentation requested by the Friend of the Court concerning his child support obligations. The court ultimately adopted the Friend of the Court's recommendation, which imputed to defendant income equal to that of plaintiff and ordered support. I would ask the parties: 1) whether and how the child support matter affects the jurisdictional question in this case, and 2) whether the Michigan trial court's jurisdiction over child support is coextensive with its jurisdiction over custody.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 16, 2009

_____
Clerk

d1215